UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH L. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-6-CEJ |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Keith L. Griffin for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint.

**28 U.S.C. § 1915(e)(2)(B)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th

Cir. 1987).

In reviewing a pro se complaint under § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that procedural rules in civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant complaint on January 4, 2017, alleging that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. For his claims for relief, plaintiff writes:

> I Keith Lavoyd Griffin would like the courts to award me my claim. Doctor Devin Golden is lock up for medication fraud a claim as a representative for my my Deloris Griffin who died March 1, 2014 default on judgement. [*sic*] Plus my on claim filing of worksman comp identity theft of me beeing a victim, medical malpractice done on me and my mother, my filing of chapter 7 bankruptcy miss handled improperly from 1998, 2004, 2010, false allegation of abandonment . . . . [*sic*]

(Docket No. 1 at 4).

Plaintiff also lists organizations with which he has filed complaints. (*Id.*) Plaintiff seeks $500,000,000.00 in punitive damages, and "3 Billion in property theft." (*Id.*) It is notable that plaintiff has been a very frequent *pro se* and *in forma pauperis* litigator in this Court.

## Discussion

Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Having carefully reviewed the complaint and afforded it the benefit of a liberal construction, the Court is unable to determine with any degree of certainty the nature of plaintiff's allegations. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized

2

and comprehensible manner. Civil plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts supporting such claims as to each named defendant. Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil*, 508 U.S. at 113.

In the case at bar, plaintiff has failed to follow any of the foregoing requirements. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims that have not been alleged. For the foregoing reasons, the Court will dismiss this action as frivolous and for failure to state a claim against any of the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED**.

Dated this 24th day of January, 2017.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE